IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,040




EX PARTE ALEX DAVILA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 96-0461-A IN THE 22ND JUDICIAL DISTRICT COURT
FROM HAYS COUNTY




           Per curiam.


O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to tampering with
a government record, and was sentenced to twelve years’ imprisonment. 
            Applicant contends, inter alia, that his mandatory supervision was improperly revoked on
the basis of his failure to submit to a polygraph examination and evaluation for sex offender
counseling. Applicant alleges that the sex offender related conditions of mandatory supervision
should never have been imposed in his case, because he has never been convicted of a sex offense,
and that he therefore has a due process right to be free from sex offender classification and
conditions. 
            This Court remanded to the trial court to determine whether Applicant had previously been
convicted or adjudicated guilty of a reportable offense under Article 62.001(5) of the Texas Code
of Criminal Procedure. On remand, the Texas Department of Criminal Justice, Parole Division has
provided an affidavit stating that Applicant does not have a prior “reportable conviction” as defined
by Article 62.001(5) of the Texas Code of Criminal Procedure. The supplemental record indicates
Applicant was indicted for the offense of “indecent liberties with a child” in North Carolina in 1992,
but failed to appear. Although a warrant was issued for his arrest, Applicant was already
incarcerated in Texas by the time North Carolina authorities located him, and the State of North
Carolina declined to extradite Applicant.
We order that this application be filed and set for submission to determine whether a releasee 
who has never been convicted of a “reportable offense,” but who has had unresolved charges for an
offense with a sexual component, and who had the opportunity to dispute the unresolved charges but
failed to do so may be required to comply with sex offender conditions of mandatory supervision. 
The parties shall brief the issues.
            Further, the trial court shall determine whether Applicant is indigent. If Applicant is indigent
and desires to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant. Tex. Code Crim. Proc. art 26.04. The trial court shall send to this Court, within 30 days
of the date of this order, a supplemental transcript containing either the order appointing counsel or
a statement that Applicant is not indigent. All briefs shall be filed with this Court on or before
January 19, 2009.
Filed: November 26, 2008
Do not publish